```
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 05-23260-CIV-GOLD
                                    (96-443-Cr-GOLD)
                              MAGISTRATE JUDGE P.A. WHITE
```

ELADIO ALBERTO MUNOZ,              :

      Movant,                     :         REPORT OF MAGISTRATE
v.                                 :                JUDGE

UNITED STATES OF AMERICA,          :

      Respondent.                 :
_____

The pro-se petitioner Eladio Alberto Munoz filed a Motion to Resubmit Motion for Relief from Final Judgement pursuant to Rule 60(b) and Motion for Evidentiary Hearing (DE#78), referred to the Undersigned Magistrate Judge on December 10, 2008.

Procedural History

The pro-se movant filed a motion to vacate pursuant to 28 U.S.C. §2255, which was denied, following an evidentiary hearing on May 27, 2008. (DE#63). The movant filed a notice of appeal and was granted a certificate of appealability by United States District Judge Alan Gold. The movant then filed a motion for reconsideration and to Set Aside Judgement pursuant to the Fed.R.Civ.P. 60(b) (DE#72) This motion was denied by Judge Gold, stating that the District Court no longer had jurisdiction to rule upon a motion when a notice of appeal has been filed with the Appellate Court. (DE#74) On November 19, 2008, the Eleventh Circuit denied the appellant's motion for limited remand. Case No. 08-14517-AA, and the appeal of the denial of the petitioner's motion to vacate is pending in the Eleventh Circuit. The petitioner argues that this Court has jurisdiction to review his Rule 60(b) motion apart from his appeal of the denial of his motion to vacate, citing to Stone v INS, 514 US 386 (1995). This motion is clearly without merit, and should therefore be denied.

Merits

Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The petitioner seeks to reopen his case based upon Rule 60(b)(2) claiming newly discovered evidence.

The petitioner filed a prior motion to vacate, Case No. 05-23260-Civ-Gold, attacking his conviction in case no. 96-443-Cr-Gold for multiple convictions arising from three separate home invasions and kidnappings, involving violence with children present. Evidence at trial revealed that starting in December 1994, the movant along with co-conpirators began targeting people with lucrative businesses for home invasions and/or kidnapping. The movant was found guilty and sentenced to a total term of 705 months imprisonment. (See Trial transcript and Magistrate Judge Report in Case No. 05-23260).

In his motion to vacate, filed through counsel, Monoz alleged multiple claims of ineffective assistance of counsel.  The claims were found to be without merit following an evidentiary hearing, and the motion was denied.

The movant now raises a new claim of ineffective assistance of counsel, that his trial/appellate counsel Joaquin Perez represented him while struggling under a conflict of interest. The petitioner states he became aware of a memorandum filed by Sandalio Gonzalez, Special agent in Charge of the Miami Field Division of the Drug Enforcement Administration, describing an investigation of the petitioner's attorney for conduct that appeared criminal in nature

2

in an unrelated case. Munoz claims that he presented this affidavit to Philip Horowitz, his counsel in his 2255 case who did not present this evidence. (DE#72, pg9) [1]

To succeed on a motion for a new trial based on newly discovered evidence, the movant must establish that: (1) the evidence was discovered after trial; (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the Court; and, (5) the evidence is such that a new trial would probable produce a different result. United States v Schlei, 122 F. 3d 944, 991 (11th Cir. 1997). The failure to satisfy any of these elements is fatal to a motion for a new trial United States v Lee, 68 F. 3d 1267, 1274 (11th Cir. 1995). In this case, Munoz has failed to establish that he would be entitled to vacate his conviction. Munoz has failed to demonstrate how the fact that his attorney may have been involved in an investigation unrelated to his own case resulted in a conflict of interest, and would require a new trial.

The Sixth Amendment to the United States Constitution guarantees two correlative rights, "the right to be represented by counsel of choice" and "the right to a defense conducted by an attorney who is free from conflicts of interest." See United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994).

---

[1] The movant in his motion to resubmit motion for relief from final judgment (DE#78) refers to the facts in his initial motion for relief from judgment pursuant to 60(b) (DE#72), which has been reviewed.

A movant claiming that counsel labored under a conflict of interest in violation of the Sixth Amendment must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. United States v. Novaton, 271 F.3d 968, 1010 (11 Cir. 2001), citing Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); accord, United States v. Ettinger, 344 F.3d 1149, 1161 (11th Cir. 2003). Once a defendant demonstrates that a conflict of interest actually affected his representation, he need not demonstrate prejudice to obtain relief. Id. at 1010. However, the conflict of interest cannot be established through hypothesis or speculation, as "the possibility of conflict is insufficient to impugn a criminal conviction." Cuyler at 350. The defendant must demonstrate both that an actual conflict existed and that he was adversely affected. Novaton, supra at 1010.

In order to prove that an actual conflict adversely affected a lawyer's performance, the defendant "'must make a factual showing of inconsistent interests'" or point to 'specific instances in the record' to suggest an actual impairment of his or her interests." Novaton at 1010-1011 citing, Freund v. Butterworth, 165 F.3d 839 (11th Cir. 1999)(*en banc*). The defendant has the burden of proving the existence of an actual conflict, and he may not do so by speculation or hypothesis. Id. A defendant who fails to show both an actual conflict and an adverse affect is not entitled to relief.

4

United States v. Novaton, 271 F.3d 968, 1010 (11 Cir. 2001); Burden v. Zant, 24 F.3d 1298, 1305 (11 Cir. 1994). If the defendant shows that an actual conflict of interest existed, the Court must consider whether the conflict adversely affected his representation.

To prove an adverse effect, a defendant must: 1) "point to some plausible alternative defense strategy or tactic" that could have been pursued, 2) "demonstrate that the alternative strategy or tactic was reasonable" under the facts in his case, and 3) "show some link between the actual conflict and the decision to forgo the alternative strategy of defense[2]." Novaton, citing Freund v. Butterworth, 165 F.3d 839 (11 Cir. 1999) (en banc). In the absence of a showing of an "adverse effect," prejudice is not presumed to flow from a conflict of interest. Id. The movant has demonstrated none of the above requirements as stated in Novaton.

The movant clearly does not satisfy the requirements of Rule 60(b), because he has not demonstrated to this Court extraordinary circumstances that would justify relieving him from the effect of the final judgment. See United States v. Flores, 981 F.2d 231, 237

---

[2] In other words, he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. Novaton, supra at 1011, citing, Freund, 165 F.3d at 860.

(5 Cir. 1993). Thus, there is nothing in the record to indicate a need to correct a clear error or to prevent a grave miscarriage of justice. See United States v. Beggerly, 524 U.S. 38, 47 (1998). A motion for relief from judgment is an extraordinary remedy, and this Court should not reconsider issues already examined because the movant is dissatisfied with the outcome of his case.

It is therefore recommended that this motion for resubmitting Motion for relief from Judgement pursuant to Rule 60(b) be denied (DE#78), and the movant's Final Judgment entered by this Court remain unchanged.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 15th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Eladio Munoz, Pro Se
      Reg. No. 40857-004
      FCC-Jesup-Ga.
      Address of record